IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



| | |
|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA, | MC 18-1-M-DLC-JCL |
| Plaintiff, | |
| vs. | ORDER |
| DANIEL LONG and AT&T INC., | |
| Respondents. | |

Safeco Insurance Company of America ("Safeco") petitions the Court under Federal Rule of Civil Procedure 27(a) for an order authorizing it to depose the "custodian of records" for respondent AT&T, Inc. for the purpose of perpetuating that individual's testimony. Through the deposition, Safeco seeks to obtain the historical cell site data of two cellular telephones for the time period July 1, 2017 through August 1, 2017. For the reasons discussed below, the Court concludes that Safeco's attempted use of Fed. R. Civ. P. 27 is not proper under the circumstances presented. Therefore, the petition is denied.

I. **Background**

The following facts are gleaned from Safeco's petition:

1

Safeco issued a homeowners insurance policy to Respondent Daniel Long for a residence in Kalispell, Montana. The Safeco policy was in effect on July 9, 2017, when a fire occurred at the referenced residence. Mr. Long has made a claim for coverage under the Safeco policy.

Safeco states it is "actively investigating" Mr. Long's claim and that the cell tower information requested is "necessary to the investigation of the insurance claim and ultimate coverage determination." (Doc. 1, at 3-4). Safeco avers that it expects it will be subject to suit by Mr. Long for claims of breach of contract and violation of the unfair trade practices provisions of the Montana Insurance Code, Mont. Code Ann. § 33-18-201 ("UTPA") "in the event the investigation is delayed or coverage is denied." (Doc. 1, at 4). Safeco also states that without the complete cell site data it seeks, it cannot presently bring suit or cause suit to be brought with respect to Mr. Long's claims. Safeco provides the declaration of its attorney that cell phone providers, such as AT&T, retain "cellular antenna array information and tower location records…for a finite period of time, usually six months to a year" – without any declaration from a representative of AT&T specifically. (Doc. 1-1, at 2). According to the affiant, Safeco may be deprived of the cell tower records if it waits to avail itself of the discovery process if and when litigation is filed.

The following facts can be implicitly gleaned from the cryptic statements of

Safeco:

Safeco believes that Mr. Long and/or his son committed arson but its investigation apparently has not unearthed facts sufficient to sustain that allegation. Safeco has availed itself of its right under the terms of the insurance policy to take Mr. Long's sworn statement. But it would like the opportunity to engage in a fishing expedition to see if Mr. Long lied about his whereabouts on or about the time of the fire. Safeco could file an action for declaratory relief to have the coverage dispute resolved, but it would like to engage in presuit discovery under Fed. R. Civ. P. 27 in order to make sure it does not run afoul of the fiduciary obligations it owes Mr. Long. Safeco also understands that if the cell tower information ultimately revealed that Mr. Long was truthful in his statement under oath, then its delay in promptly resolving Mr. Long's claim would serve as the predicate for a bad faith suit under the UTPA. But Safeco would like to have the imprimatur of the Court granting its presuit discovery request to argue its delay in resolving Mr. Long's claim was justified.

## II. <u>Discussion</u>

### A. **Controlling Law**

Federal Rule of Civil Procedure 27 allows a person or entity to obtain discovery before litigation has commenced where the court is "satisfied that the

perpetuation of testimony may prevent a failure or delay of justice." Fed. R. Civ. P. 27(a)(3). The Rule requires the petition to establish, inter alia, the following essential elements:

> (A) that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;
>
> (B) the subject matter of the expected action and the petitioner's interest;
>
> (C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it...

The right of a person or entity seeking presuit discovery under Rule 27 is not absolute. *In Re Eisenberg*, 654 F.2d 1107, 1113 (5th Cir. 1981). Rather, the trial court is vested with broad discretion in determining the propriety of pretrial discovery in a given situation. *Id.*

In applying Rule 27, the Court is guided by the observations of the United States Supreme Court in *Arizona v. California*, 292 U.S. 341 (1934). There, the Court explained that to sustain a petition it must appear that the facts the plaintiff expects to prove by the testimony of the witness sought to be examined will be material in the determination of the matter in controversy; that the testimony will be competent evidence; the deposition of the witness cannot be taken and perpetuated in the ordinary methods prescribed by law, because the plaintiff is not in a position to initiate a suit in which the issue may be determined; and that taking

4

of the testimony is made necessary by the danger that it may be lost by delay.[1]

*Arizona*, 292 U.S. at 347-48.

The Court is also mindful of the significance of the distinction between Rule 27's invocation by a prospective defendant versus a prospective plaintiff. See *State of Nevada v. O'Leary*, 63 F.3d 932, 936 (9th Cir. 1995) (discussing *Martin v. Reynolds Metals Corp.*, 297 F.2d 49 (9th Cir. 1961)). In *Martin*, the court highlighted the significance stating:

> Abuse of the rule by potential plaintiffs, who might try to use it as a means of discovery to enable them to draw a complaint seems to be avoided by the requirement of Rule 27 that the party seeking the deposition be unable to bring the suit or cause it to be brought. The position of one who expects to be made a defendant is different, and we think that such a defendant should be, and is, entitled to use the Rule, upon a proper showing, to preserve important testimony that might otherwise be lost.

*Martin*, 297 F.2d at 55 (citations omitted).

Finally, it is important to note that general agreement exists among the courts that to allow Rule 27 to be used for the purpose of discovery before an

---

[1] *Arizona v. California* was obviously decided before the enactment of the Civil Rules. But the Advisory Committee Notes to Rule 27 cite *Arizona v. California* with approval and the Ninth Circuit has noted that "[o]ne authoritative treatise has concluded that given that Advisory Committee citation with approval, and the language of the Rule itself 'the most reasonable view is that the old limitation should still be applied.'" *State of Nevada v. O'Leary*, 63 F.3d 932, 936 (9th Cir. 1995) (citing 8 Wright & Miller, *Federal Practice and Procedure*, § 2072, p. 659 (1994)).

action is commenced to fish for some ground for bringing suit would be "an abuse of the rule." Wright, Miller and Marcus, Fed. Practice and Procedure § 2071 at 651-652. And, Rule 27 does not provide a vehicle to conduct discovery prior to filing suit in order to ensure compliance with Rule 11. See *In re Petition of Ford*, 170 F.R.D. 504, 508 (M.D. Ala. 1997).

In assessing the elements essential to allowing Safeco to engage in the presuit discovery it seeks, the Court finds Safeco has failed to satisfy the first element, i.e., that it cannot presently bring a cause of action that would allow it to engage in the normal discovery process. The Court would be remiss if it were to allow Safeco to use Rule 27 simply as an investigative technique.

Mont. Code Ann. § 33-18-201(4),(5) and (6) require Safeco to conduct a reasonable investigation, affirm or deny coverage of the claim in a reasonable time, and attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim if liability has become reasonably clear. If Safeco fails to satisfy these obligations, it can, indeed, be subjected to suit under Mont. Code Ann § 33-18-242.

If Safeco believes that Mr. Long is not entitled to coverage under the subject policy, it can notify him that it is denying coverage. And it can properly proceed to seek an adjudication of the parties' respective rights under the policy with respect

6

to the underlying fire by instituting an action in Montana State District Court under Montana's Uniform Declaratory Judgments Act, Mont. Code Ann. § 27-8-101, et seq. In that action, Safeco would be free to avail itself of the discovery procedures available under the Montana Rules of Civil Procedure.

It may be that Safeco wishes to wait for Mr. Long to seek coercive relief by filing his own suit in state court if his claim is denied – a decision that would allow Safeco to bring the controversy into federal court via removal under diversity of citizenship, 28 U.S.C. § 1332.[2] But Safeco's desire in that regard is of no consequence in determining whether or not it can avail itself of presuit discovery under Rule 27. Therefore, for the reasons discussed,

IT IS ORDERED that Safeco's petition is DENIED.

DATED this 2nd day of February, 2018.

_____
Jeremiah C. Lynch
United States Magistrate Judge

---

[2] If Safeco were to institute an action in federal court under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., relief would properly be declined in order to discourage use of that Act to achieve a race to the federal courthouse. 10B Wright, Miller & Kane, Fed. Prac. & Proc. Civ. § 2759 (4th ed. 2017).